**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| AMIYA JUVAIS DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-563-GSL-AZ |
| | ) | |
| ANDREW SMITH *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on State Defendants' Motion to Dismiss, filed by Defendants Gary S. Germann and the State of Indiana ("the State Defendants") on January 20, 2026. DE 10. Pro se Plaintiff Amiya Juvais Davis filed three responses, which were stricken, and then filed a single amended response. DE 13, 20, 23, 49; *see* DE 43. The State Defendants filed a reply. DE 61. The presiding District Court Judge referred the motion to dismiss to me for a Report and Recommendation. DE 31.

This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** the State Defendants' Motion to Dismiss.

**Background**

The Complaint alleges the following: On September 27, 2024, Plaintiff was at a gas station when a white woman accused Plaintiff of intimidating her, which

Plaintiff believes was racially motivated. DE 1 ¶¶ 89-90. Defendant Andrew Smith, a police officer with the Portage Police Department, followed Plaintiff home. *Id.* ¶¶ 26, 96. An additional 10 police officers descended on Plaintiff's home and searched through her personal belongings, but they did not arrest her at that time. *Id.* ¶¶ 98, 100, 103. At Defendant Smith's instigation, about a week later on October 5, 2024, Plaintiff was arrested for intimidation based on the earlier gas station incident. *Id.* ¶¶ 107-08.

Between September 27 and October 14, Defendant Smith appeared at or near Plaintiff's home multiple times for no reason, and Plaintiff believed he was surveilling her. *Id.* ¶¶ 111-13. Plaintiff felt unsafe in her own home. *Id.* ¶ 114. Then on October 14, Plaintiff drove home to find Defendant Smith waiting for her. *Id.* ¶¶ 118, 125-36. Defendant Smith had not been dispatched there, had not observed any traffic violation, and did not have a warrant, but when Plaintiff arrived home, Defendant Smith immediately activated his emergency lights and approached Plaintiff's car. *Id.* ¶¶ 126-37.

Plaintiff was afraid and requested they go to the nearby police station or call Defendant Smith's supervisor. *Id.* ¶¶ 142, 144. Smith refused and threatened to break her car windows and flatten her tires. *Id.* ¶¶ 149-50, 156-57. He then pulled out his firearm and pointed it at Plaintiff, ordering her out of her car. *Id.* ¶¶ 160-62. Terrified, Plaintiff unlocked her door, and Defendant Smith immediately grabbed her. *Id.* ¶¶ 166, 173, 175. He pushed her against the car with enough force to lacerate

her lip. DE 1-1 at 3. Plaintiff was taken to the hospital for treatment and was then arrested. *Id.*, DE 1 ¶ 3.

Defendant Smith arrested Plaintiff on five charges: (1) possession of marijuana; (2) operating a motor vehicle without financial responsibility; (3) dealer plate violations; (4) failing to display license or permit; and (5) failure to provide vehicle registration certificate. DE 1-1 at 4. The charges were false. *Id.* at 4-5.

Following the arrest, Defendant Germann, a Porter County prosecutor, filed formal criminal charges against Plaintiff, relied on Defendant Smith's false police report, failed to verify facts or conduct any independent investigation, prolonged the prosecution despite knowing that Plaintiff was innocent, and withheld exculpatory evidence. DE 1 ¶ 4. He continued the prosecution for more than a year before all charges were dismissed. *Id.* ¶¶ 4-5.

Plaintiff's Complaint brings § 1983 and Indiana state law claims for false arrest, false imprisonment, excessive force, malicious prosecution, assault, battery, and intentional infliction of emotional distress against Smith, a second officer on the scene, the City of Portage, the Portage Police Department, the State of Indiana, and Prosecutor Germann.[1] DE 1 at 5-6. Plaintiff is suing the officers and Defendant Germann in both their individual and official capacities. *Id.* at 5. She also purports to bring *Monell* claims against the City of Portage, the Portage Police Department,

[1] Although the Complaint also names the Porter County Prosecutor's Office and Porter County, Indiana, as defendants, Plaintiff confirmed at a hearing on May 7, 2026 that she was not proceeding against them. DE 60 at 1, 3.

and the State of Indiana. *Id.* ¶ 7. Plaintiff seeks damages, injunctive relief, and attorney's fees and costs. *Id.* ¶ 8.

**Legal Standard**

Rule 12(b)(6) allows a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive a Rule 12(b)(6) motion if it contains allegations that "state a claim to relief that is plausible on its face." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (citations omitted). The complaint's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the plaintiffs must allege "only enough facts" to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570. The Court must "accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor." *Alarm Detection Sys.*, 930 F.3d at 821.

Pro se complaints are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotation marks and citations omitted). Nevertheless, "[*p*]*ro se* plaintiffs' allegations must still plausibly establish the elements of each cause of action." *Davis v. Target Metal Blanking*, 2026 WL 1998802, at *2 (N.D. Ill. July 10, 2026).

## Discussion

Plaintiff filed the Complaint on December 16, 2025. DE 1. After the present motion to dismiss was fully briefed and referred to me for a Report and Recommendation, Plaintiff sought leave to file an amended complaint, which removes the State of Indiana as a defendant but retains Defendant Germann. DE 66. As the Court will explain in a separate order, the allegations in Plaintiff's proposed amended complaint are futile as to Defendant Germann. Rather than allow Plaintiff to file the amended complaint and moot the present motion to dismiss, which would force the parties to do another round of motion to dismiss briefing, the Court will first recommend a ruling on the present motion to dismiss, and then in a separate order rule on Plaintiff's motion for leave to file an amended complaint.

In the present motion to dismiss, the State Defendants argue that Plaintiff has failed to state a claim against them because the State of Indiana and Defendant Germann acting in his official capacity are not "persons" for purposes of § 1983. DE 10 at 1, DE 11 at 6. They also argue the State of Indiana is entitled to Eleventh Amendment immunity and Defendant Germann is entitled to absolute prosecutorial immunity on both the § 1983 claims and state law tort claims. DE 10 at 1, DE 11 at 5-10. They further argue that the *Monell* claim fails against them because they are not a municipality. DE 11 at 10-11.

In her response, Plaintiff concedes that the Eleventh Amendment bars suit against states, and she does not address the *Monell* argument or the argument that the State Defendants are not "persons" under § 1983. DE 49 at 7. Plaintiff argues

that the Eleventh Amendment does not bar suit against Defendant Germann in his individual capacity, nor does it bar injunctive relief against state officials in their official capacity under the *Ex parte Young* doctrine. DE 49 at 7. Plaintiff also argues that Defendant Germann is not entitled to absolute prosecutorial immunity because he acted as an investigator, not a prosecutor. DE 49 at 6.

The Court will address the claims against the State of Indiana and Defendant Germann in turn.

### I. Claims against the State of Indiana

The first basis to dismiss the federal claims against the State of Indiana is Eleventh Amendment immunity. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In other words, the Eleventh Amendment "bar[s] litigation in federal court by private entities against a state." *MCI Telecomms. Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). However, Eleventh Amendment immunity does not apply "if Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so and pursuant to a valid exercise of its power," or if the state itself has "waived its sovereign immunity and consented to suit in federal court." *Id.* at 563.

Those exceptions to sovereign immunity do not apply here because "Congress did not abrogate the States' sovereign immunity in enacting 42 U.S.C. § 1983." *Woods*

*v. New Albany Police Dep't*, 2010 WL 3398938, at *4 (S.D. Ind. Aug. 25, 2010) (citing *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979)). And Indiana has not waived sovereign immunity and consented to suit in federal court. Thus, the federal claims against the State of Indiana should be dismissed for lack of jurisdiction. *See McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 531-33, 535 (7th Cir. 2022) (explaining that dismissal on Eleventh Amendment grounds is for lack of subject matter jurisdiction).

Further, the § 1983 claims must be dismissed because the State of Indiana is not a "person" within the meaning of § 1983. Section 1983 states, "Every *person* who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." (emphasis added). It is well-established that a state is not a "person" for purposes of § 1983 and cannot be held liable under that statute. *See, e.g.*, *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, all § 1983 claims against the State of Indiana, including the *Monell* claim, must be dismissed. *See Will*, 491 U.S. at 70.

Finally, the state law claims against Indiana must be dismissed because the Eleventh Amendment bars the adjudication of state law claims in federal court against the state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 117 (1984) (stating that "a State may not be sued without its consent" in federal court); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). "[A] state

may consent to suit against it in federal court," but its consent must be "unequivocally expressed." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. Plaintiff seeks to bring tort claims against the State of Indiana, but the Indiana Tort Claims Act expressly states that Indiana does not waive Eleventh Amendment sovereign immunity and does not consent to suit in federal court. *See* Ind. Code § 34-13-3-5(f); *see also Zwilling v. Indiana*, 2016 WL 1627707, at *3 (S.D. Ind. Apr. 22, 2016) (explaining that Indiana Tort Claims Act's consent to suit in state courts does not waive Eleventh Amendment sovereign immunity in federal courts). Since Indiana has not consented to suit in federal court, this Court lacks jurisdiction over Plaintiff's state law claims against the State of Indiana.

**II. Claims against Defendant Germann**

The claims against Defendant Germann in his official capacity must be dismissed for the same reasons as for the State of Indiana. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (citation omitted). Thus, "lawsuits brought against employees in their official capacity . . . may also be barred by sovereign immunity." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (stating Eleventh Amendment immunity "extends to state officials acting in their official capacities").

"Whether a particular official is the legal equivalent of the State itself is a question of that State's law . . . ." *Garcia*, 24 F.3d at 969. Indiana prosecutors "are

state officials, as the State provides salaries to prosecutors and provides them with legal representation when they are sued." *Woods v. New Albany Police Dep't*, 2010 WL 3398938, at *3 (S.D. Ind. Aug. 25, 2010) (citing Ind. Code §§ 33-39-6-5(d), 33-23-13-3). Thus, the Eleventh Amendment bars § 1983 suits against Indiana prosecutors in their official capacity for damages. *See Woods*, 2010 WL 3398938, at *4 (dismissing § 1983 claims for money damages brought against Indiana prosecutors in their official capacity).

The State Defendants do not argue that Defendant Germann is entitled to Eleventh Amendment immunity, but they do argue that the State of Indiana is. Since the claims against Defendant Germann in his official capacity are really brought against the State of Indiana, Defendant Germann in his official capacity is likewise entitled to Eleventh Amendment immunity.

Plaintiff argues she can bring claims against Defendant Germann in his official capacity for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). DE 49 at 7. In theory, that is true. *See MCI Telecomms. Corp.*, 183 F.3d at 563. But Plaintiff has not met the standard to bring those claims. The court in *Woods v. New Albany Police Department* explained the standard well:

> [T]he Eleventh Amendment does not bar a claim against a state official acting in his official capacity when injunctive relief rather than monetary damages are sought. *See Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 908 (7th Cir. 1991). Declaratory relief is likewise not barred by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 757, 119 S. Ct. 2240, 144 L.Ed.2d 636 (1999) . . . . However, injunctive relief for purposes of the Eleventh Amendment is limited to *prospective* relief. *Parents for Quality Educ. v. Fort Wayne Cmty. Sch. Corp.*, 662 F. Supp. 1475, 1481

> (N.D. Ind. 1987). Additionally, declaratory or injunctive relief is not available when its only purpose is to "establish liability for past infringement of [plaintiff's] rights so as to entitle [plaintiff] to damages." *Ill. Dunesland Pres. Soc'y v. Ill. Dept. of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009). Declaratory or injunctive relief is only proper if there is a continuing violation of a federal law. *Green v. Mansour*, 474 U.S. 64, 73, 106 S. Ct. 423, 88 L.Ed.2d 371 (1985).

*Woods v. New Albany Police Dep't*, 2010 WL 3398938, at *4 (S.D. Ind. Aug. 25, 2010).

Plaintiff's Complaint does not allege a continuing violation of federal law or seek prospective relief. Thus, the prospective relief exception to Eleventh Amendment immunity does not apply, and all § 1983 claims against Defendant Germann in his official capacity should be dismissed for lack of jurisdiction due to Eleventh Amendment sovereign immunity.

As for the federal claims against Defendant Germann in his individual capacity, Defendants argue Germann is entitled to absolute prosecutorial immunity. Plaintiff responds that absolute prosecutorial immunity does not apply because Defendant Germann acted as an investigator when he failed to verify facts in the police report, check on the status of Plaintiff's driver's license and insurance, obtain lab results, and review body camera footage.

The Court finds that Defendant Germann in his individual capacity is entitled to absolute prosecutorial immunity on all federal claims. "In determining whether actions taken by government officials enjoy absolute immunity or qualified immunity, the Supreme Court applies a 'functional approach . . . which looks to the nature of the function performed, not the identity of the actor who performed it.'" *Jones v. Cummings*, 998 F.3d 782, 787 (7th Cir. 2021) (quoting *Buckley v. Fitzsimmons*,

509 U.S. 259, 269 (1993)). Prosecutors are "absolutely immune in civil suits for damages under section 1983 for activities intimately associated with the judicial phase of the criminal process." *Jones*, 998 F.3d at 787 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). In other words, "[p]rosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.") (quotation marks and citation omitted). "In contrast, prosecutors acting in the role of administrator or investigator are entitled only to qualified immunity." *Jones*, 998 F.3d at 787.

Plaintiff alleges that Defendant Germann failed to investigate and withheld exculpatory evidence while knowing Plaintiff was innocent. These allegations fall squarely within the prosecutorial function. The *failure* to investigate during a prosecution is not investigation. *See Everling v. Ragains*, 2015 WL 1319707, at *4 (S.D. Ind. Mar. 23, 2015) ("[I]nadequate investigation is not an actionable claim."); *Nielsen v. Lees*, 2023 WL 346052, at *3 (E.D. Wis. Jan. 20, 2023) ("The claim that [a] prosecutor failed to investigate is not of constitutional dimension.") (citations omitted); *cf. Srivastava v. Newman*, 12 F. App'x 369, 370-72 (7th Cir. 2001) (affirming dismissal of inadequate investigation claim due to prosecutorial immunity). Further, *Brady* violations "breach a defendant's trial rights and are, thus, inherently prosecutorial in nature." *Fields v. Wharrie*, 672 F.3d 505, 514 (7th Cir. 2012). Plaintiff

has not alleged any facts indicating that Defendant Germann acted as an investigator rather than a prosecutor. Thus, Defendant Germann is entitled to absolute prosecutorial immunity on the federal claims for damages brought against him in his individual capacity.

Plaintiff's request for injunctive relief does not save her individual-capacity suit against Germann either. The Complaint does not indicate any basis for prospective relief, as the prosecution was dismissed in 2025 and there are no factual allegations indicating continuing violations or imminent harm to Plaintiff. Thus, Plaintiff lacks standing to seek an injunction. *See Garcia*, 24 F.3d at 969; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).

The state law claims against Defendant Germann, which are based on the same factual allegations as the federal claims, also fail. "Prosecutorial immunity under Indiana law is even broader than under federal law." *Everling v. Ragains*, 2015 WL 1319707, at *5 (S.D. Ind. Mar. 23, 2015). "When Indiana prosecutors act 'reasonably within the general scope of authority granted' to them, they receive absolute immunity." *Id.* (quoting *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979)); *see also Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) ("Indiana law is more generous to the prosecutor, because it has rejected the Supreme Court's distinction between prosecutorial and administrative or investigative functions for purposes of immunity, as long as the prosecutor is acting within the scope of his or her authority."). A prosecutor's scope of authority includes initiating court proceedings. *Woods v. New Albany Police Dep't*, 2010 WL 3398938, at *5 (S.D. Ind. Aug. 25, 2010).

Since prosecutorial immunity under Indiana law is broader than federal law, and since the allegations that Defendant Germann filed criminal charges, failed to investigate, withheld evidence, and continued the prosecution for more than a year all fall within the scope of authority granted to prosecutors, Defendant Germann is entitled to prosecutorial immunity under Indiana law.

To sum up: all claims against the State of Indiana should be dismissed for lack of jurisdiction due to Eleventh Amendment sovereign immunity; furthermore, all § 1983 claims against the State of Indiana could also be dismissed because Indiana is not a "person" that can be sued under § 1983. All claims against Defendant Germann in his official capacity should be dismissed for lack of jurisdiction due to Eleventh Amendment sovereign immunity, because those claims are really against the State of Indiana; and all claims against Defendant Germann in his individual capacity should be dismissed due to absolute prosecutorial immunity.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** the Defendants Gary S. Germann and the State of Indiana's Motion to Dismiss [DE 10].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the

Court of Appeals. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); *United States v. Cox*, 54 F.4th 502, 513 (7th Cir. 2022); *Davis v. Kayira*, 938 F.3d 910, 916 (7th Cir. 2019).

So ORDERED this 13th day of August, 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Amiya Juvais Davis (U.S. Mail)